IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KERRY LYNN LEWIS, JR.,** | ) | |
| **ID # 48739-177,** | ) | |
| **Movant,** | ) | |
| **vs.** | ) | **No. 3:17-CV-1739-G-BH** |
| | ) | **No. 3:14-CR-372-G (1)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion under 28 U.S.C. to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 2), received on June 29, 2017, should be **DENIED** with prejudice.

## I.  BACKGROUND

Kerry Lynn Lewis, Jr. (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-372-G.  The respondent is the United States of America (Government).

**A.**    **Plea and Sentencing**

On September 24, 2014, Movant was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count one), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (count two). (*See* doc. 1.)[1]  He was arrested, made his initial appearance, was appointed counsel, and pleaded not guilty on October 17, 2014.  (*See* docs. 6, 8, 11.)  His appointed counsel entered an appearance on October 20, 2014. (*See* doc. 12.) The case was set for trial on December 15, 2014.  (*See* doc. 13.)

---

[1]   Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-372-G.

On November 13, 2014, counsel filed an unopposed motion for a continuance so that she could complete her investigation of the case and locate and interview additional witnesses, and so that Movant could decide whether to plead guilty or proceed to trial.  (*See* doc. 15.)  The motion was granted, and the case was reset for trial on February 9, 2015.  (*See* doc. 16.)

On January 6, 2015, Movant was charged by superseding indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count one), maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1) (count two), possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 2, 841(a)(1), (b)(1)(C) (count three), possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (count four), and possession of a firearm in furtherance of a drug trafficking crime, possession with intent to distribute a controlled substance in violation of 18 U.S.C. § 924(c)(1)(A) (count five).  (*See* doc. 20.)  Between January 28, 2015, and May 18, 2015, Movant filed three motions to continue the case, which were granted.  (See docs. 26-31.)  In June 2015, Movant retained counsel, who substituted in for appointed counsel.  (*See* docs. 32, 33.)

Movant pleaded guilty on September 9, 2015.  (*See* doc. 66.)  In a plea agreement, he stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself.  (*See* doc. 35 at 1.)  He understood the nature and elements of the crime and agreed that the factual resume was true.  (*See id*. at 2.)  The plea agreement set out the range of punishment and stated that he had discussed the federal sentencing guidelines with counsel and understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding.  He understood

that no one could predict with certainty the outcome of the Court's consideration of the guidelines, and that the sentence imposed was solely in the discretion of the Court. (*See id*. at 2-4.) He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty. (*See id*. at 7.) The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement. (*See id*. at 6.) He waived his right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error, to challenge the voluntariness of his plea or waiver, and to bring a claim of ineffective assistance of counsel. (*See id*. 6-7.) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea, and it agreed to dismiss any remaining charges. (*See id*. at 5-6.)

On September 9, 2015, Movant and counsel appeared for his guilty plea, and he testified under oath. (*See* doc. 66.) He stated he understood his constitutional rights, knew that a guilty plea waived his rights, and understood the consequences of pleading guilty. (*See id*. at 8-9.) He understood the charges against him and admitted that he committed the offenses. (*See id*. at 3, 8.) He understood the range of punishment. (*See id*. at 6-7.) He had reviewed the plea agreement with counsel and understood everything in it. (*See id*. at 5-6.) Movant understood that his plea had to be voluntary and not induced by pressure, coercion, or threats. (*See id*. at 10.) No one made him plead guilty. (*See id*. at 13) Other than the plea agreement, no one promised him any benefit in exchange for the guilty plea. (*See id*. at 10.) He pleaded guilty to counts one, three, and five of the superseding indictment, and the Court found that his guilty plea was knowing and voluntary. (*See*

3

*id*. at 10.)

On December 11, 2015, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it applied the 2015 United States Sentencing Guidelines Manual (USSG). (*See* doc. 45-1 at 8, ¶ 25.)  It found that the base offense level for counts one and three, with a two-level increase for obstruction of justice by attempting to suborn perjury, was 28.  (*See id*. at 9, ¶¶ 35, 39.)  Based on a criminal history category of six, the resulting guideline range for counts one and three was 140-175 months' imprisonment.  (*See id*. at 23, ¶ 94.)  For count five, the guideline sentence was the statutory five-year sentence.  (*See id*. at 9-10, ¶ 40.)

On January 27, Movant appeared for sentencing.  (*See* doc. 67.)  He was sentenced to 120 months' imprisonment on count one and 156 months' imprisonment on count three, to be served concurrently, and to 60 months' imprisonment on count five, to be served consecutively to the other two sentences.  The remaining charges were dismissed.  (*See* doc. 52.)

On appeal, counsel filed a brief under *Anders v. California*, 386 U.S. 736 (1967), and the appeal was dismissed.  *See United States v. Lewis*, No. 16-10115 (5th Cir. Feb. 21, 2017); (*see also* doc. 70).

**B.    Substantive Claims**

The § 2255 motion raises the following grounds:

(1) Movant was denied the effective assistance of counsel during the plea negotiation stage;

(2) His plea was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance of counsel.

(*See* 3:17-CV-1739-G, doc. 2 at 4-5.)  The Government filed a response.  (*See* doc. 9.)  Movant filed a reply.  (*See* doc. 13.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the

prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96. Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant contends that appointed counsel was ineffective during the plea negotiating stage.

He claims that at their first meeting in October or November 2014, she said, "I can get you 28 to 30 years if you sign now." (*See* 3:17-CV-1739-G, doc. 3 at 12; doc. 12 at 2.) He claims that the guideline range for the two offenses in the original indictment was 140-175 months' imprisonment, which was the range for two of the offenses in the superseding indictment to which he later pleaded guilty. He told counsel that he was uncomfortable pleading guilty if he was going to receive such a severe sentence, and he was uncomfortable proceeding to trial because they had not yet discussed the case. (*See id.*, doc. 12 at 2.) He also claims that appointed counsel failed to warn him about the risk that he could be charged with a violation of § 924(c) in a superseding indictment. (*See id.*, doc. 3 at 13.) He contends that if counsel would have accurately stated the guideline range and informed him of the danger that a superseding indictment would allege a § 924(c) offense, he would have accepted a plea offer or pleaded guilty to the original indictment without an agreement. (*See id.* at 14-15.) He also alleges that counsel did not adequately negotiate with the prosecutors to limit his sentence exposure if he pleaded guilty to the original indictment. (*See id.* at 14.) He claims that if he had pleaded guilty to the original indictment, he would have avoided a conviction under § 924(c), and his sentence would have been five years less than what he received. (*See id* at 15.)

A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n. 2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is

entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Movant does not provide any independent indicia of reliability in support of his claim. Although he contends that counsel said that she could get him a sentence of 28-30 years' imprisonment if he "signed" at that time, and that he would have pleaded guilty if counsel would have told him the correct guideline range, he does not allege how counsel could have known the guideline range without knowing his criminal history and any possible relevant conduct that could affect the advisory guideline range in their initial meeting. Based on the indictment, the maximum sentence was 10 years' imprisonment for count one of the original indictment and 20 years' imprisonment for count two, for a possible total maximum sentence of 30 years' imprisonment. (*See* doc. 45-1 at 23, ¶ 93.) Counsel moved for a continuance so that she could complete her investigation and so Movant could decide whether to plead guilty or proceed to trial. According to the motion, she was still investigating the case one month after she was appointed. Movant's claim that he would have decided to plead guilty at the initial meeting with counsel is not supported by his other allegations or by the record.

Movant also contends that counsel did not tell him that there could be a superseding indictment alleging a § 924(c) offense, and that he would have pleaded guilty if he had known that there could be a superseding indictment and the correct guideline range. Movant has not shown that counsel should have known that the Government would file a superseding indictment, however. *See United States v. Henry*, No. 08-19, 2010 WL 2998888 at *5 (E.D. La. July 28, 2000) (counsel not ineffective for having defendant plead not guilty, where the record did not show that counsel could

or should have known that the Government would later file a superseding indictment that alleged more serious crimes).

Movant also alleges that appointed counsel failed to negotiate a plea agreement. He also refers to a proposed plea agreement, but he has not shown that there was any plea agreement offered by the Government for the original indictment.

There is no constitutional right to be offered a plea agreement. *Missouri v. Frye*, 566 U.S. 133, 148 (2012). Movant has not shown that the government would have offered a plea agreement before the superseding indictment was filed if counsel had sought one. *See United States v. Johnson*, No. 4:14–CV–196, 2014 WL 1930220 at *4 (N.D. Tex. May 14, 2014) (citing *Wolfe v. Dretke*, 116 F. App'x 487, 495 (5th Cir. 2004) ("The district court also applied well-established principles to [the] complaint that [counsel] failed to negotiate a plea bargain agreement. Specifically, the district court concluded that [the defendant] could not prove prejudice because he did not establish that the State would have offered a plea bargain even if [counsel] had pursued one.")). He has not shown that he could have avoided a superseding indictment by pleading guilty to the original indictment.

Movant has not shown deficient performance or prejudice. He has not shown that he is entitled to relief on this claim.

## IV.  INVOLUNTARY PLEA

Movant contends that his plea was involuntary because retained counsel promised that he would not be sentenced to more than 10 years' imprisonment, and that counsel would seek a sentence of 8 years' imprisonment. He claims that he pleaded guilty based on counsel's advice that his sentence would be 8-10 years; he would not have pleaded guilty if he had known the correct guideline range. (*See* 3:17-CV-1739-G, doc. 3 at 18, 20; doc. 12 at 3.)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J.,

concurring).  A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however.  The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.  *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea").  Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).  Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Here, Movant admitted both in the plea agreement and in his sworn testimony that he understood the charge against him.  He had reviewed the plea agreement with counsel, and he understood everything in it, including the range of punishment.  He and counsel fully discussed the

case, his guilty plea, and application of the sentencing guidelines.  He acknowledged in the plea agreement that the Court would determine the sentence and the application of the advisory sentencing guidelines, that the guidelines were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines.  He stated in the plea agreement and in open court that his guilty plea was not the result of promises apart from those set forth in the plea agreement.  He stated in the plea agreement that there had been no guarantees or promises from anyone as to what sentence the Court would impose.  He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty, and he admitted that he committed the offense.

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  They must also overcome the presumption of regularity and "great weight" accorded court records.  *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of veracity given to his sworn statements in open court, and the presumption of affording great evidentiary weight to court records.  *See Blackledge*, 431 U.S. at 73-74.  As discussed,  the plea documents and his sworn statements in open court, including his statements that no one promised him any benefit other than what was set out in

the plea agreement and that no one guaranteed or promised what the sentence would be, contradict his claim that his plea was involuntary because retained counsel promised a 10-year sentence and that counsel would seek an 8-year sentence.  *See id*.  Movant has not shown that retained counsel promised a sentence of 8-10 years, and he has not shown that his guilty plea was involuntary.

## V.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VI.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 8th day of March, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14