# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| KERRY LYNN LEWIS, JR.,<br>    ID # 48739-177,<br>        Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)  No. 3:17-CV-1739-G<br>)  No. 3:14-CR-372-G (1)<br>)<br>)  Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Pro Se Movant's Objections to the Report & Recommendation of the Honorable Irma Carrillo Ramirez, United States Magistrate Judge*, received on April 1, 2019 (doc. 18). Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

### I. BACKGROUND

On June 29, 2017, Kerry Lynn Lewis, Jr. (Movant) filed a motion to vacate his federal sentence under 28 U.S.C. § 2255 on grounds that appointed counsel was ineffective at their first meeting, and that his plea was involuntary based on retained counsel's advice. On March 8, 2019, it was recommended that the § 2255 motion be denied. (*See* doc. 15.) The recommendation was accepted, the motion was denied, and judgment was entered on March 29, 2019. (*See* docs. 16, 17.) Movant's filing, signed on March 19, 2019, argues that there should have been an evidentiary hearing on his § 2255 motion. (*See* doc. 18 at 1-6.)

### II.  FED. R. CIV. P. 59(e)

Because Movant's filing was received within 28 days of the entry of judgment, it should be

liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Movant argues that under *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013), he should not have been denied an evidentiary hearing on the basis that there was no independent indicia of reliability in support of his claim of ineffective assistance of counsel. (*See* doc. 18 at 2.) He contends that his declaration about what counsel told him provided adequate support of his claim. (*See* doc. 18 at 2-3.) In *Reed*, the Fifth Circuit held that a movant is entitled to an evidentiary

2

hearing on a § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *Reed*, 719 F.3d at 373. It observed that it was "hard to imagine what additional evidence Reed could present to establish what his trial counsel told him in a presumably private conversation," in support of his claim that counsel was ineffective. *Id*. at 374. It found that Reed was entitled to an evidentiary hearing because his affidavit was sufficient to prove his allegation, and it was not conclusory, speculative, plainly false, or contradicted by the record. *Id*.

In this case, the recommendation examined the record as well as Movant's other allegations and concluded that he had not shown deficient performance or prejudice, or that his plea was involuntary. (*See* doc. 15 at 8, 11-13.) It specifically concluded that Movant had not provided an independent indicia of reliability in support of his claim because it was not supported by his other claims or by the record. (*Id.* at 8.) The analysis of Movant's claims and the determination that he was not entitled to an evidentiary hearing were not inconsistent with *Reed*.

For the same reasons he was denied an evidentiary hearing (doc. 15 at 7-8), his argument lacks merit, and he has not demonstrated a manifest error of law or fact. He has not shown a basis for relief under Rule 59(e).

### III. RECOMMENDATION

Movant's filing should be construed as a motion under Fed. R. Civ. P. 59(e) and **DENIED**.

**SIGNED on this 3rd day of April, 2019.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE